# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: UBER TECHNOLOGIES, INC.,**
**PASSENGER SEXUAL ASSAULT LITIGATION**                    MDL No. 3084

## TRANSFER ORDER

**Before the Panel**: Plaintiffs in 14 actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California.  This litigation consists of 22 actions pending in 11 districts, as listed on Schedule A.  Since the filing of the motion, the Panel has been notified of 57 related actions in four districts.[1]

Plaintiffs in 44 actions—including plaintiffs in 33 actions represented by court-appointed leadership counsel in the California state court coordinated cases[2]—support the motion.  Plaintiffs in nine of these actions alternatively support centralization in the District of Massachusetts, and plaintiff in one action also alternatively supports centralization in the Northern District of Texas.  Defendants[3] oppose centralization or, alternatively, suggest the Eastern District of North Carolina as the transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  These actions share complex factual questions arising from allegations that Uber failed to implement appropriate safety precautions to protect passengers, and that plaintiffs suffered sexual assault or harassment as a result.  Common factual questions include Uber's knowledge about the prevalence of sexual assault by Uber drivers, and whether Uber failed to conduct adequate background checks of its drivers, train drivers regarding sexual assault and harassment, implement adequate safety measures to protect passengers from sexual assault, and

---

[1]     These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

Movants notified the Panel of a 58th action in a Notice of Related Actions that they later informed the Panel had been included erroneously.  No party has responded that this action should be included in centralized proceedings.

[2]     California Judicial Council Coordination Proceeding No. 5188 (Uber JCCP).

[3]     Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC (together, Uber).

adequately respond to complaints about drivers. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Defendants argue that individual and state-specific factual and legal issues will predominate, and that discovery will focus on the various circumstances of plaintiffs' alleged assaults and their injuries. Though, as defendants argue, these claims are of a deeply personal nature, "almost all injury litigation involves questions of causation that are case- and plaintiff-specific. Such differences have not been an impediment to centralization in the past." *See In re Wright Med. Tech., Inc., Conserve Hip Implant Prods. Liab. Litig.*, 844 F. Supp. 2d 1371, 1372 (J.P.M.L. 2012). Defendants respond that, unlike in a medical device products liability litigation, an overarching question of general causation will not be at issue here. We find there are sufficient common issues present to warrant centralized treatment, including, for example, Uber's knowledge of the prevalence of sexual assault, representations regarding safety, and policies and practices for handling complaints about drivers. "Although individualized factual issues may arise in each action, such issues do not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017).

Defendants also assert that they intend to name the drivers as third-party defendants, and the actions will hinge on each driver's status and alleged conduct. Therefore, defendants argue, denial of centralization would be consistent with our decision in *In re Varsity Spirit Athlete Abuse Litigation*. *See __* F. Supp. 3d __, 2023 WL 3828645 at *1 (J.P.M.L. June 5, 2023). We decline to speculate as to the impact of as yet unfiled third-party claims on the efficiency of common proceedings. In *Varsity Athlete Abuse*, we concluded that discovery regarding an alleged common scheme would be overwhelmed by unique factual issues concerning each plaintiff's alleged abuse and the more than 30 individual coaches and gyms named as defendants. But that conclusion also was supported by our findings that all plaintiffs shared counsel, just ten actions were pending in seven districts, and the parties already had been successfully informally coordinating the actions. *Id.* at *2. Here, in contrast, there are 79 actions pending in 13 districts, and at least 14 different plaintiffs' firms are involved. Given the large and growing number of involved actions and counsel, centralization likely will streamline overlapping discovery and pretrial proceedings arising from nearly identical allegations regarding Uber's corporate policies and practices as to alleged passenger sexual assaults.

Defendants further argue that common legal issues are not present because of differences in state law. But many MDLs involve the application of various states' laws. Defendants cite *In re Uber Technologies, Inc., Wage & Hour Employment Practices Litigation*, in which the Panel denied centralization, finding that "the standards for determining whether independent contractors are employees vary substantially from state to state and involve a broad range of factors." 158 F. Supp. 3d 1372, 1373 (J.P.M.L. 2016). While this issue also is common to the actions before us and key to certain claims, it is not the question at the root of the litigation, as it was in *Uber Wage & Hour*. Rather, discovery and pretrial proceedings here will be focused on far more than this one issue. Additionally, regardless of whether differences in state law will reduce the risk of

- 3 -

inconsistent rulings, centralization still will allow for efficient briefing schedules on motions to dismiss. Thus far, the parties appear to be working informally to enter stipulated briefing schedules, but with the number of cases and attorneys increasing, this likely will not continue to be feasible. We, therefore, are not convinced that informal coordination is preferable here.

The California state court's order granting Uber's motion to dismiss the non-California cases on *forum non conveniens* grounds is not relevant to our determination of whether centralization is appropriate under Section 1407. We consider whether the actions involve common questions of fact, and whether centralization will serve the convenience of parties and witnesses and promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a). In deciding Uber's *forum non conveniens* motion, the state court weighed public interest considerations—such as avoiding overburdening local courts with foreign cases—that we do not examine under Section 1407. *See In re Uber Rideshare Litigation*, JCCP No. 5188, January 23, 2023, Order on Uber's FNC Motion, at p. 11.

Finally, Uber's argument that its Terms of Use preclude the motion for centralization is not persuasive. The Panel is not bound by Uber's Terms of Use, and Section 1407(c) grants the Panel the authority to centralize civil cases upon its own initiative. Moreover, plaintiffs suggest they will challenge the enforceability of Uber's Terms of Use. Centralization thus will allow for streamlined briefing on this common issue.

We find the Northern District of California the most appropriate transferee district for this litigation. Sixty-two of the 79 actions are pending in this district, where Uber is headquartered, and where the California Uber JCCP is located. Centralization there will allow for coordination between the courts and parties. The Honorable Charles R. Breyer, who presides over seven of the related actions, has unparalleled experience as a transferee judge, and we are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles R. Breyer for coordinated or consolidated pretrial proceedings.

- 4 -

PANEL ON MULTIDISTRICT LITIGATION

_____

Karen K. Caldwell
Chair

Nathaniel M. Gorton          Matthew F. Kennelly
David C. Norton              Roger T. Benitez
Dale A. Kimball              Madeline Cox Arleo

**IN RE: UBER TECHNOLOGIES, INC.,**
**PASSENGER SEXUAL ASSAULT LITIGATION**                          MDL No. 3084

## SCHEDULE A

<u>District of Arizona</u>

ADORNO v. UBER TECHNOLOGIES INCORPORATED, ET AL.,
    C.A. No. 2:23−00875

<u>Northern District of California</u>

DOE LSA 340 v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−01165
HYLIN v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−01630
R. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−02051
G. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−02071
GAVIN v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−02111
CRAWFORD v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−02290
M. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−03406
A.H.M. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−03482
B. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−03488

<u>District of Colorado</u>

GLASER v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−01734
M.H. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−01735

<u>Middle District of Georgia</u>

FRESHWATER v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 5:23−00246

<u>Northern District of Georgia</u>

N.R. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−02603

<u>Northern District of Illinois</u>

C.S. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−02766
SULLIVAN v. UBER TECHNOLOGIES, INC., C.A. No. 1:23−02767
MURPHY v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−03425

-A2

<u>District of Massachusetts</u>

DOE v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 1:23−10745

<u>Western District of Missouri</u>

COWSERT v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 2:23−04133

<u>Eastern District of North Carolina</u>

S.W. v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 5:23−00317

<u>Northern District of Texas</u>

ESPINOSA v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−01519

<u>Southern District of Texas</u>

ROLLO v. UBER TECHNOLOGIES, INC., ET AL., C.A. No. 3:23−00216