William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Plaintiff*s

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE LSA 340, an individual;<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation; RASIER, LLC, a Delaware Limited Liability Company; and RASIER-CA, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, inclusive.<br><br>Defendants. | Case No. 3:23-cv-01165-CRB<br><br>*Honorable Judge Charles R. Breyer*<br><br>**PLAINTIFF JANE DOE LSA 340'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

## I.     INTRODUCTION

Pursuant to Civil Local Rules 3-12(b) and 7-11, Plaintiff Jane Doe LSA 340 ("Plaintiff") files this Administrative Motion to Consider Whether Cases Should Be Related.  Plaintiff submits that the following list of cases are related to the instant action *Jane Doe LSA 340 v. Uber Technologies, Inc., et al.,* and coordinated as a part of MDL No. 3084:

1. 3:23-cv-04372, *Jane Doe LS 238 v. Uber Technologies, Inc., et al.*
2. 3:23-cv-04385, *Jane Doe LS 158 v. Uber Technologies, Inc., et al.*
3. 3:23-cv-03966, *Jane Doe LS 13 v. Uber Technologies, Inc., et al.*
4. 4:23-cv-04393, *Jane Doe LS 37 v. Uber Technologies, Inc., et al.*
5. 3:23-cv-04388, *Jane Doe LS 144 v. Uber Technologies, Inc., et al.*
6. 3:23-cv-04010, *Jane Doe LS 320 v. Uber Technologies, Inc., et al.*
7. 3:23-cv-04011, *Jane Doe LS 260 v. Uber Technologies, Inc., et al.*
8. 3:23-cv-04008, *Jane Doe LS 149 v. Uber Technologies, Inc., et al.*
9. 3:23-cv-04371, *Jane Doe LS 203 v. Uber Technologies, Inc., et al.*
10. 3:23-cv-04387, *Jane Doe LS 354 v. Uber Technologies, Inc., et al.*
11. 3:23-cv-03807, *Jane Doe LS 154 v. Uber Technologies, Inc., et al.*
12. 3:23-cv-04014, *Jane Doe LS 257 v. Uber Technologies, Inc., et al.*
13. 4:23-cv-03973, *Jane Doe LS 237 v. Uber Technologies, Inc., et al.*.
14. 4:23-cv-04364, *Jane Doe LS 293 v. Uber Technologies, Inc., et al.*
15. 3:23-cv-04373, *Jane Doe LS 164 v. Uber Technologies, Inc., et al.*
16. 3:23-cv-04369, *Jane Doe LS 249 v. Uber Technologies, Inc., et al.*
17. 3:23-cv-04368, *Jane Doe LS 91 v. Uber Technologies, Inc., et al.*
18. 4:23-cv-04365, *Jane Doe LS 159 v. Uber Technologies, Inc., et al.*
19. 3:23-cv-04366, *Jane Doe LS 67 v. Uber Technologies, Inc., et al.*
20. 4:23-cv-03811, *Jane Doe LS 134 v. Uber Technologies, Inc., et al.*
21. 4:23-cv-03816, *Jane Doe LS 348 v. Uber Technologies, Inc., et al.*
22. 3:23-cv-04370, *Jane Doe LS 259 v. Uber Technologies, Inc., et al.*

## II.     LEGAL ARGUMENT

### A.     <u>Standard of Law</u>

Civil Local Rule 3-12(a) provides that an action is related to another when: "(1) the allegations concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting

1

CASE NO. 3:23-CV-01165-CRB     PLAINTIFF JANE DOE LSA 340'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

results if the cases are conducted before different Judges." These criteria are met here because the twenty-two aforementioned actions involve substantially the same parties, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, and arise from the same corporate conduct of these defendants.

In all twenty-two cases Plaintiffs allege the following causes of action against the Uber Defendants: general negligence, common carrier negligence, negligent misrepresentation, intentional misrepresentation, vicarious liability for the torts for the Uber drives, vicarious liability for false imprisonment, vicarious liability for sexual assault, vicarious liability for sexual battery, strict products liability – design defect, strict products liability – failure to warn.[1]

Per the October 4, 2023 Transfer Order, entered by the Judicial Panel of Multidistrict Litigation[2], all twenty-two cases involve common questions of fact:

> These actions share complex factual questions arising from allegations that Uber failed to implement appropriate safety precautions to protect passengers, and that plaintiffs suffered sexual assault or harassment as a result. Common factual questions include Uber's knowledge about the prevalence of sexual assault by Uber drivers, and whether Uber failed to conduct adequate background checks of its drivers, train drivers regarding sexual assault and harassment, implement adequate safety measures to protect passengers from sexual assault, and adequately respond to complaints about drivers. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Panel on MDL's Transfer Order., MDL No. 3084, 1-2, ECF No. 94 (Oct. 4, 2023).

Given that all the actions concern substantially the same parties and substantially the same legal arguments and claims, there will be an unduly burdensome duplication of labor and expense, judicial resources, and potentially inconsistent results, if the twenty-two

---

[1] Jane Doe LS 238 v. Uber Technologies, Inc. et al, Complaint for Damages and Demand for Jury Trial, United States District Court, Northern District of California, San Francisco Division (August 24, 2023) attached to Declaration of William A. Levin ("Levin Dec.") as **Exhibit A**. This complaint is an exemplar complaint for the twenty-two plaintiffs subject to this motion as the complaints are substantively the same other than the descriptions of the individual assault and locations of the plaintiff.

[2] Panel on MDL's Transfer Order., MDL No. 3084, 1-2, ECF No. 94 (Oct. 4, 2023) attached to Levin Dec. as **Exhibit B**.

2

Case No. 3:23-cv-01165-CRB   PLAINTIFF JANE DOE LSA 340'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

actions were to be conducted before different Judges. Accordingly, relating the actions will serve the interests of judicial economy and avoid the potential for conflicting results, consistent with Civil Local Rules 3-12(a). Uber has informed Plaintiffs that Defendants in the actions reserve all rights to petition the Ninth Circuit for a writ of mandamus regarding the Judicial Panel on Multidistrict Litigation's October 4, 2023 order; Defendants otherwise take no position on Plaintiff's application. Levin Decl. ¶ 5.

## II. CONCLUSION

For these reasons, Plaintiff respectfully requests that this Court enter an order relating the above listed actions and coordinate them within MDL No. 3084.

DATED:  October 18, 2023                          Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*
William A. Levin
Laurel L. Simes
David Grimes
Samira J. Bokaie
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 18, 2023, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter who are registered on the CM/ECF system.

Dated: October 18, 2023                                                                                     */s/ William A. Levin*